# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| DALSHIRL BOSHEARS, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:16-CV-129-MSH |
| | : Social Security Appeal |
| NANCY A BERRYHILL, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

# ISSUES

I. **Whether the ALJ properly assessed Plaintiff's depression and anxiety.**

II. **Whether the ALJ assigned appropriate weight to the treating physician's opinion.**

III. **Whether the ALJ properly discounted Plaintiff's credibility.**

## Administrative Proceedings

Plaintiff Dalshirl Boshears filed an application for disability insurance benefits on May 23, 2012 alleging that she has been disabled to work since May 2, 2010. Her claim was denied initially on January 11, 2013 and on reconsideration on June 12, 2013. She filed a written request for an evidentiary hearing before an administrative law judge (ALJ) on July 17, 2013, and the hearing was conducted on March 9, 2015. Plaintiff appeared with a non-attorney representative and amended her onset of disability date to April 1, 2012. Tr. 19. The ALJ issued an unfavorable decision on April 23, 2015 denying her claim for benefits. Tr. 16-33. On May 19, 2015, Plaintiff requested review of the ALJ's decision from the Appeals Council but was denied on August 7, 2016. Tr. 14, 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff brings this action seeking judicial review of the final decision by the Commissioner to deny her claim.

## Statement of Facts and Evidence

On her amended onset of disability date, Plaintiff was forty-nine years old. She has completed two years of college and has past relevant work as an x-ray technician. Tr. 49, 150, 166. In her application for benefits, she alleged that she is disabled to work due

to depression, anxiety, bipolar disorder, back and neck pain, diabetes, hypertension, chest pains, and numbness in her upper left arm. Tr.165.

In conducting the five-step sequential evaluation process for determining whether an individual is disabled to work provided for in the Commissioner's regulations, the ALJ found at steps one and two that Plaintiff has not engaged in substantial gainful activity since her amended onset date and has severe impairments of degenerative disc disease of the cervical and lumbar spine and hypertension. Findings 2 and 3, Tr. 21. In making his step-two findings, the ALJ considered and discussed the record evidence of her alleged nonexertional mental impairments but found them to be non-severe. Tr. 21-23. Next, at step three, the ALJ determined that her impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set out in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 23. Between steps three and four, the ALJ formulated a residual functional capacity assessment (RFC) which permits Plaintiff to perform light work with added exertional and environmental restrictions and a further restriction to work not involving customer service. Finding No. 5, Tr. 23-26. At step four, the ALJ took testimony from a vocational expert who classified Plaintiff's past relevant work as an x-ray technician as light work and therefore within her assessed RFC. Finding No. 6, Tr. 26-27. Because Plaintiff can return to her past relevant work, the ALJ found her to be not disabled at step four of the sequential evaluation process. Finding No. 7, Tr. 28.

## DISCUSSION

Plaintiff argues that the ALJ made three errors in evaluating her claim. First, she

asserts that the ALJ erred by failing to find her impairments of depression and anxiety to be severe impairments at step two of the evaluation process. Pl.'s Br. 5, ECF No.14. Second, she argues that the ALJ discounted the opinion of her treating physician without good cause. *Id.* at 9. Last, she contends that the ALJ did not adequately evaluate her subjective complaints of pain and other symptoms. *Id.* at 12). The Commissioner responds that the ALJ's decision is well-supported by substantial evidence and the correct legal principles were applied. Comm'r's Br. 4, 11, 17, ECF No. 15.

**I.     Did the ALJ properly assess Plaintiff's depression and anxiety?**

Plaintiff asserts that the ALJ erred by failing to find her impairments of depression and anxiety to be severe impairments. In his step-two analysis of Plaintiff's claim, the ALJ found degenerative disc disease of the lumbar and cervical spine and hypertension to be "severe" within the meaning of the Commissioner's regulations. He then found her affective disorder to be medically determinable, but not "severe." The ALJ discussed three specific portions of the record evidence in making this finding.

First, he noted that on May 9, 2011 Plaintiff had a normal mental status examination at Advantage Behavioral Health Walton County Clinic. Ex. 2F/6-7; Tr. 21. Next, he reviewed the psychological evaluation done on December 17, 2012 by Sarah Howell, PsyD. Tr. 22. Dr. Howell diagnosed depressive disorder/recurrent with mild features and said Plaintiff would be only minimally limited in maintaining concentration, persistence, and pace as well as timely completion of assigned tasks. Ex. 5F; Tr. 22. The ALJ also covered the follow-up with Dr. Howell done May 14, 2013 confirming the earlier conclusions. Ex. 7F, Tr.22. He reviewed and made specific findings related to the

6

four functional areas set forth in Section 12.00C of the Listing of Impairments. Tr. 22-23. Most important, having found severe impairments at step two, he proceeded to the formulation of Plaintiff's RFC and included both severe and non-severe impairments in his formulation.

Having ruled in her favor at step two, and also including the medically determinable impairments in his RFC formulation, the ALJ did not err. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010). Since the ALJ proceeded through the sequential evaluation and gave full consideration to the impact of Plaintiff's mental impairments on her ability to work, any error at step-two is harmless. *Delia v. Comm'r of Soc. Sec.*, 433 F. App'x 885 (11th Cir. 2011). Plaintiff's first asserted error has no merit.

**II. Did the ALJ assign appropriate weight to the treating physician's opinion?**

Plaintiff argues that the ALJ's decision to discredit the conclusions in a treating physician's September 16, 2013 Spine Disorder Medical Statement (SDMS) was erroneous. David A. Stewart, M.D., treated Plaintiff for pain for approximately three years, from 2011 through 2014. He stated in the SDMS that she is unable to walk a block, shop, bank, or climb steps, and must elevate her legs during an eight hour period and take unscheduled breaks from work to alleviate pain. Ex. 8F, Tr. 366-367. The ALJ found these limitations to be unsupported by medical evidence of record and inconsistent with Dr. Stewart's treatment notes. Tr.26. He began his consideration of Dr. Stewart's treatment of Plaintiff with her September 19, 2012 examination. Tr. 24. The ALJ correctly noted that although she complained of pain in the neck and lower back at a 6/10

7

level of intensity, Dr. Stewart's recorded his clinical impressions of her as "doing well, stable with medication" and "quite functional" with "good strength" and the ability to "ambulate well." Tr. 324. This same pattern of Plaintiff complaining of subjective pain but her physician finding her stable and functional on medication continued through her December 17, 2012 and March 13, 2013 examinations. Tr. 24, Ex. 6F/5, 9F/2. The ALJ pointed out that Dr. Stewart prescribed exercise and offered Plaintiff a trigger point injection which she declined at her July 10, 2013 appointment. Tr. 24-25. In the SDMS, Dr. Stewart—for the first and only time—opined that Plaintiff had pain severe enough to cause her to miss work, be unreliable, and prevent her from following a work routine. Ex. 8F. Less than four months later, on January 10, 2014, he described her as having full range of motion in both neck and shoulders with 5/5 grip strength and only a slight antalgic gait. Ex. 11F/7.

Dr. Stewart's clinical notes both before and after the SDMS are inconsistent with the limitations he expressed therein and the ALJ was authorized to discount it. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155 (11th Cir. 2004). There is no merit in Plaintiff's second asserted error.

### III. Did the ALJ properly discount Plaintiff's credibility?

Plaintiff also contends that the ALJ discounted her statements and testimony about her pain and other symptoms without good cause. Pl.'s Br. 12. In his written decision, the ALJ found that Plaintiff's impairments could reasonably be expected to cause the pain and symptomology complained of but that her statements about the intensity, persistence, and limiting effects of the symptoms were not entirely credible. Tr. 25. He

set forth his reasons for this conclusion. He pointed out that although she presented to her treating physician, Dr. Stewart, with complaints of pain and limited abilities, Dr. Stewart found her to have normal range of motion, good ambulation, good strength in both lower and upper extremities, and to be stable and functional. Tr. 26. Further, the ALJ expressly considered in his finding that Plaintiff has followed only a conservative course of treatment and when offered trigger point injections to relieve her pain, declined to have them. Tr. 26, Ex. 9F/7-8. In doing so, the ALJ complied with the Commissioner's regulations about how subjective complaints of pain and other symptoms are evaluated. He provided a clearly articulated finding of why he discounted Plaintiff's credibility and fulfilled the role of finder of fact as required by law. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Plaintiff's third assertion of error has no merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 14th day of August, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE